IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00277-RM-KMT

JAMES GERARD, JR. and MICHAEL COX, on behalf of themselves and all others similarly situated,

      Plaintiff,

v.

NEW ELK COAL COMPANY, LLC, and STRATEGIC STAFFING SOLUTIONS,

      Defendants.

---

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

---

The Parties, James Gerard, Jr., and Michael Cox, on behalf of themselves and all others similarly situated (the "Plaintiffs"), and New Elk Coal Company, LLC, and Strategic Staffing Solutions (the "Defendants"), (individually a "Party" and collectively the "Parties") anticipate that information and documents may be produced during discovery or disclosure in the above-captioned action that will contain confidential or proprietary information. Due to the sensitive nature of such information, the Parties hereby stipulate through their respective counsel to the following protective order to govern discovery and the production and management of such documents and information in this case.

Therefore, upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will

improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, exhibits, deposition testimony, and other information disclosed or exchanged (collectively "Discovery Material") pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Discovery Material designated "CONFIDENTIAL" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom (not made available to the public), and designated by one of the Parties in the manner provided in paragraph 8 below as containing non-public, sensitive or confidential information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      Information designated as "ATTORNEYS' EYES ONLY" means any document or information that is CONFIDENTIAL as defined in Paragraph 3, above, and that is Discovery Material containing particularly sensitive confidential information that the producing party believes in good faith cannot be disclosed without threat of competitive injury, because such document contains proprietary or commercially sensitive information.  This type of material shall be clearly identified at the time of service of such material by an appropriate designation at

the top of each page of the document or information.  The designation shall be used as sparingly as possible.  Any document or information designated as "ATTORNEYS' EYES ONLY" must be reviewed by an attorney, and any document or information so designated shall constitute a certification by the attorney making such designation that he or she in good faith believes the material deserves this heightened level of protection under Fed. R. Civ. P. 26(c)(7).

5.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be  disclosed except that such information may be disclosed to:

a.    counsel for the Parties, members of their law firms, and the firms' paralegal and clerical personnel, agents, contractors, sub-contractors, copy vendors and graphic artists who are employed, engaged or retained by such counsel to assist in this litigation;

b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.    the parties, class members and designated representatives for the entity defendants;

d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.    the Court and its employees ("Court Personnel");

f.     stenographic reporters, mediators, arbitrators, special masters, and the staff of the same involved in the litigation;

g.     any person who is indicated on the face of a document to have been an author, addressee, or copy recipient, but only as to such documents for which that person was the author, addressee, or copy recipient;

h.     deponents or witnesses to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; and

i.     other persons by written agreement of the parties or as authorized by an order of this Court.

6.     ATTORNEYS' EYES ONLY documents, materials, and/or information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a.     counsel for the Parties, members of their law firms, and the firms' paralegal and clerical personnel, agents, contractors, sub-contractors, copy vendors and graphic artists who are employed, engaged or retained by such counsel to assist in this litigation;

b.     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.     stenographic reporters, mediators, arbitrators, special masters, and the staff of the same involved in the litigation;

> d.    any person who is indicated on the face of a document to have been an author, addressee, or copy recipient, and

> e.    The Court and its employees ("Court Personnel").

7.    In addition to the persons listed above, ATTORNEYS EYES ONLY information may be disclosed to the following so long as such person has been provided with a copy of this Protective Order and has signed a written acknowledgment (in the form of Appendix A, hereto) stating that he or she has read this Protective Order and agrees to be bound by its provisions.

> a.    actual deposition or witnesses;

> b.    independent experts and independent consultants retained in conjunction with this litigation; and

> c.    any other person or entity authorized by the Court or by written agreement of the Parties.

All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

8.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  If native files are being produced, using the word "CONFIDENTIAL" as part of the document name shall be sufficient to designate these documents as CONFIDENTIAL.

9.    Documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and/or pleadings, briefs, motions or exhibits that reference such documents shall be filed in accordance with D.C.COLO.LCivR 7.2, using a Level 1 restriction.  Within fourteen days of

such filing, the filing party shall move to retain the Level 1 restriction on the basis of this protective order. Thereafter, the restricted filing shall be handled in accordance with any further order of court.    Prior to disclosure at trial or a hearing regarding CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the parties shall jointly seek approval from the Court of an agreed procedure governing the use of such information as follows: 1) for any hearing that is not a trial, the parties shall jointly seek the Court's approval of an agreed procedure for the use of CONFIDENTIAL and ATTORNEYS' EYES ONLY information at the hearing at least fourteen days prior to the  hearing and 2) with regard to trial, the parties shall, as part of the final pretrial conference with the Court, jointly seek the Court's approval of an agreed procedure for the use of CONFIDENTIAL and ATTORNEYS' EYES ONLY information at trial.    In either event, the parties shall be governed by the procedure ultimately established by the Court.

10.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11.    If, through inadvertence, a producing party provides any "CONFIDENTIAL" information or "ATTORNEYS' EYES ONLY" documents in this litigation without marking the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the producing party may within 30 days, subsequently inform the receiving party in writing of the "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" nature of the disclosed information, and the receiving party shall treat the disclosed information in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof. A party objecting to any such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall follow the procedures set forth in Paragraph 15 below.

12.     Prior disclosure of material later designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to Paragraphs 10 and/or 11 above shall not constitute a violation of this Order.

13.     If "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information.

14.     If a disclosing party through inadvertence produces or provides CONFIDENTIAL information that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the disclosing party may give written notice to the receiving party that disclosed information is deemed privileged and that return of the Discovery Material is requested. Upon such written notice, the receiving party shall immediately gather the original and all copies of the Discovery Material of which the receiving party is aware and shall immediately return the original and all such copies to the disclosing party. Return of

this Discovery Material by the receiving party shall not preclude the receiving party from later moving the Court to compel production of the returned Discovery Material. The clawback provisions set forth herein are entered pursuant to Federal Rule of Civil Procedure 26(c)(1) and shall be governed by Federal Rule of Evidence 502(d).  Production without intent to waive attorney-client privilege or work product protection shall not be a waiver in this or any other state or federal proceeding so long as the disclosing party claiming the privilege or protection identifies the information or documents mistakenly produced and requests that the documents be returned.

15.    A party may object to the designation of particular CONFIDENTIAL or "ATTORNEYS' EYES ONLY" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or "ATTORNEYS' EYES ONLY" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or "ATTORNEYS' EYES ONLY" and shall not thereafter be treated as CONFIDENTIAL or "ATTORNEYS' EYES ONLY" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or

"ATTORNEYS' EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or "ATTORNEYS' EYES ONLY".

16.     No information shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", or shall be subject to this Order or any other obligation respecting subsequent use or dissemination of information if such information became (or becomes) available from a source lawfully possessing such information, other than the receiving party.

17.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or "ATTORNEYS' EYES ONLY" shall be returned, upon request, to the party that designated it CONFIDENTIAL or "ATTORNEYS' EYES ONLY" , or the parties may elect, upon request by the designating party, to destroy CONFIDENTIAL or "ATTORNEYS' EYES ONLY" documents. Where the parties agree to destroy CONFIDENTIAL or "ATTORNEYS' EYES ONLY" documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

18.     Execution of this Stipulated Protective Order shall not prevent a Party to this Litigation from seeking relief from this Order or seeking other relief or protective orders as may become appropriate or necessary to protect their interests or otherwise prepare this matter for trial.  Accordingly, this Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 14th day of June, 2013.


_____

KATHLEEN M. TAFOYA
UNITED STATES DISTRICT COURT JUDGE


**STIPULATED AND AGREED TO:**


*/s/ Heather E. Joyce*                                      Dated: June 10, 2013
M. Robin Repass
Kristin R. White
Heather E. Joyce
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202-1958
303-390-0003 T
303-390-0177 F
rrepass@jacksonkelly.com
kwhite@jacksonkelly.com
hjoyce@jacksonkelly.com
*Attorneys for Defendant New Elk Coal Company*


*/s/ Mary Elizabeth Olsen*                              Dated:  June 10, 2013
Mary Elizabeth Olsen
Michael Vance McCrary
David Christopher Tufts
THE GARDNER FIRM, P.C.
210 South Washington Avenue
Mobile, AL 36602
251-433-8100 T
251-433-8181 F

vmccrary@thegardnerfirm.com
molsen@thegardnerfirm.com
dtufts@thegardnerfirm.com
*Attorneys for Plaintiffs*

/s/ *Sander N. Karp*                             Dated:  June 10, 2013
Sander N. Karp
KARP NEU HANLON PC
P.O. Box 2030
Glenwood Springs, CO  81602
970-945-2261 T
970-945-7336 F
snk@mountainlawfirm.com
*Attorney for Plaintiffs*


/s/ *Austin E. Smith*                             Dated:  June 10, 2013
David D. Powell, Jr.
Austin E. Smith
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1700 Lincoln Street, Suite 4650
Denver, CO 80202
303-764-6800 T
303-831-9246 F
david.powell@ogletreedeakins.com
austin.smith@ogletreedeakins.com
*Attorneys for Defendant Strategic Staffing Solutions*

**APPENDIX A**

**CERTIFICATION**

I _____ certify and that I have read and understand the Protective Order in the case of *JAMES GERARD, JR. and MICHAEL COX, on behalf of themselves and all others similarly situated v. NEW ELK COAL COMPANY, LLC, and STRATEGIC STAFFING SOLUTIONS*, Civil Action No. 1:13-cv-00277-RM-KMT, governing the non-disclosure of information that has been designated as Confidential or Attorneys' Eyes Only. I agree that I will abide by the terms of the Protective Order and will not disclose such information to anyone except as may be authorized by the terms of the Protective Order. I further agree that I will not make use of any information or material obtained by me pursuant to the terms of the Protective Order other than for purposes of this litigation and that at the conclusion of the litigation I will promptly return all electronic and hard copies of discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court, for the District of Colorado, for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Signature _____

Printed Name _____

Date _____