IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00277–RM–KMT

JAMES GERARD, JR., and
MICHAEL COX, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

NEW ELK COAL COMPANY, LLC, and
STRATEGIC STAFFING SOLUTIONS,

    Defendants.

## ORDER

    This matter is before the Court on Plaintiff's "Motion for Leave to File First Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2)" (Doc. No. 53 [Mot.], filed July 23, 2013). Defendant New Elk Coal Company, LLC, filed its response on August 9, 2013 (Doc. No. 60 [Resp.]), and Plaintiffs filed their reply on August 23, 2013 (Doc. No. 65 [Reply]).

    Plaintiffs seek to amend to add a defendant, Cline Mining Corporation ("Cline"), and to make allegations that Cline, Defendant New Elk Coal Company, LLC ("NECC"), and Defendant Strategic Staffing Solutions ("SSS") should be held jointly and severally liable for the Worker Adjustment and Retraining Notification ("WARN") Act violation alleged in the proposed amended complaint under the "single employer" theory of liability. (Mot. at 1–2.)

Pursuant to Federal Rule of Civil Procedure 15(a), "The [C]ourt should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

In the Scheduling Conference held on May 1, 2013, this court set the deadline to amend the pleadings at July 23, 2013. (Doc. No. 31.) Thus, Plaintiff's motion is timely. Defendant NECC has not argued that Plaintiffs' proposed amendments should be denied on the bases of bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility. (*See* Resp.) Rather, Defendant NECC argues it would be prejudiced if the court were to allow the amendments.

Prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006);

*see also* 6 Wright, Miller, & Kane, *Federal Practice and Procedure* § 1487 (3d ed. 2010) ("Perhaps the most important factor . . . for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading"). In determining undue prejudice, the Court looks to whether a trial date or discovery deadlines have been set. Even if dates have been set, the defendant can still have "adequate notice" of the claim and its factual allegations and have "ample opportunity to respond." *Baker v. Thomson*, No. 11-cv-02219-LTB-CBS, 2012 WL 1658982, at *2 (D. Colo. May 11, 2012) (citing *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009); *see also Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) (finding that there is no prejudice because the amendment was authorized several months prior to trial). If the amendment also arises out of the same subject matter as the other claims, prejudice is further limited. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "[p]etitioner's amended claims track the factual situations set forth in his [original] claims").

Defendant argues that allowing the amendment would "open[] a Pandora's box of discovery expenses that will lead nowhere and not assist the Plaintiffs in proving that the requisite number of NECC and SSS employees were full-time employees within the meaning of applicable WARN Act definitions." (Resp. at 1–2; see also ¶ 5.) The court is not convinced by this argument. No trial date has been set in this matter, and the discovery and dispositive motions deadlines are not until October 18, 2013, and November 15, 2013, respectively. Defendant SSS recently filed a motion to extend the phase one discovery deadline by thirty days, and Plaintiffs indicated they will be seeking a ninety-day extension of the phase one discovery

deadline.  (*See* Doc. No. 68.)  The court likely will grant an extension of the discovery deadline, thus necessitating an extension of the dispositive motions deadline as well.  Thus there will be time to conduct any additional discovery needed due to the amendments.  Finally, though the court recognizes that the defendant may suffer some prejudice by conducting more protracted discovery, the defendant has not shown how such possible discovery will be unduly prejudicial.

**WHEREFORE**, for the foregoing reasons, the court

**ORDERS** that Plaintiff's "Motion for Leave to File First Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2)" (Doc. No. 53 ) is **GRANTED**.  Plaintiffs may file their "First Amended Class Action Complaint" no later than October 4, 2013.

Dated this 1st day of October, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge